BENJAMIN KUYKENDALL v. HARDIN BURNLEY,

APPEAL from the District Court of St. Martin, *Boyce*, J,

*T. H. Lewis*, for the plaintiff.

*Voorhies*, for the appellant.

MORPHY, J.   The plaintiff claims $1341 57½, for work and labor done on a gin-house, gin and mill, and cotton press, and for other work as set forth in an account annexed to his petition. The defence is, that the work which plaintiff did, or caused to be done, is so bad and defective, that the greater portion of it, if not all, will have to be taken to pieces and put up entirely anew ; that the plaintiff moreover failed to complete, finish, and deliver said work or job within the time stipulated in his contract ; that, in consequence thereof, the defendant was deprived of the use of his gin until the ginning season was nearly expired ; that had the plaintiff complied with his contract, the defendant would have been able to gin the cotton crops of several of his neighbors who had applied to him for that purpose, and would have thereby realized profits of which he has been deprived ; that the failure of the plaintiff to comply with his contract, was also the cause of the defendant's being compelled to ship his crop to market at a late period of the season, when cotton had much depreciated in value, and has caused him damages in the sum of $1200, which amount is claimed in reconvention.   There was a judgment below in favor of the plaintiff, for $746 87½.   The defendant has appealed.

There is no evidence of any specific damage sustained by the defendant, by reason of the delay which occurred in the performance of the work, which was completed only in February, when it should have been delivered in November preceding.   As to the manner in which it was executed, a great number of witnesses were examined.   Their testimony shows, that it was defective in many material respects, and that the gin-house would have to be taken down, and put up anew.   The charge for building it was therefore, entirely rejected by the Judge below, who made various other deductions.   Upon an examination of the evidence, we

are of opinion, that the result at which he arrived is not so clearly erroneous as to make it our duty to reverse the judgment appealed from.

*Judgment affirmed.*